UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/1/2026

MARIA FRANCISCA TUBA PULLA,
JOSELINE ADRIANA TUBA-TUBA, and
YARITZA TUBA-TUBA,

                Petitioners,

           -against-

TODD M. LYONS, Director of U.S. Immigration
and Customs Enforcement;

KEN GENALO, Field Office Director, New York
City Field Office, Enforcement and Removal
Operations; U.S. Immigration And Customs
Enforcement;

KRISTI NOEM, Secretary of the Department of
Homeland Security;

PAMELA BONDI, Attorney General of the
United States

                Respondents.

1:26-cv-2682-MKV

ORDER DENYING RELIEF BASED
ON FALSE AND MISLEADING
FILINGS

MARY KAY VYSKOCIL, United States District Judge:

    The Court is in receipt of a hybrid petition for an emergency writ of *habeas corpus* under 28 U.S.C. § 2441 and complaint for mandamus, declaratory, and injunctive relief filed by Maria Francis Tuba Pulla (the "Petitioner"), Joseline Adriana Tuba-Tuba ("Joseline"), and Yaritza Tuba-Tuba ("Yaritza") (collectively, the "Petitioners"). [ECF No. 1] (the "Petition"). In connection with the Petition, Petitioners have also filed an emergency motion for a temporary restraining order and order to show cause why a preliminary injunction should not issue. [ECF No. 2] (the "TRO Application").

    After the Petition had "usurp[ed] the attention and displace[d] the calendar" of this Court, *Ruby v. United States*, 341 F.2d 585, 587 (9th Cir. 1965)—as the wave of *habeas corpus* petitions filed in the immigration context has done for months, *see, e.g.*, *Palma v. Arteta*, No. 25 CIV. 9340

1

(JPC), 2026 WL 697015, at *8 n.5 (S.D.N.Y. Mar. 12, 2026) (collecting recent cases concerning one discrete issue), and as such petitions must do whenever filed, *see* 28 U.S. Code § 2243 (directing disposition "forthwith")—counsel for Petitioner filed a letter clarifying that the Petition was based on a fundamental error of fact.  [ECF No. 3].

While Petitioner seeks multiple forms of emergency relief, the only basis upon which she seeks a writ of *habeas corpus* is the "abrupt[] increase[ of] the restraints on Petitioner's liberty" represented by the "impos[ition of] an ankle monitor."  Petition ¶ 3; *see also* Petition ¶ 4 (citing *Khabazha v. United States Immigration. & Customs Enforcement*, No. 25-CV-5279 (JMF), 2025 WL 3281514 (S.D.N.Y. Nov. 25, 2025), for the proposition that "a petitioner subject to an ankle monitor and regular reporting remain[s] 'in custody' for purposes of § 2241.").  Astonishingly, however, the letter filed by Petitioner's counsel clarifies that "[t]he Petitioner has never been under an ankle monitoring [sic]."  [ECF No. 3].  By way of clarification, counsel explains that "[t]hat incorrect fact was inadvertently included in the petition due to confusion with other cases in the office involving ankle monitoring."  *Id.*

This explanation is unacceptable.  The Court does appreciate that counsel promptly notified the Court of the error.  But, beyond exposing himself to the possibility of sanctions under Federal Rule of Civil Procedure 11(b)(3), counsel's filings may also have exposed his client to criminal liability.  *See* [ECF No. 1] at 24, 25 ¶ 13 (declaring "under penalty of perjury pursuant to 28 U.S.C. § 1746" that "ICE has now placed me on an ankle monitor"); 18 U.S.C. §§ 1621, 1623(a). Moreover, Petitioners like those represented in this action are human beings, whose interests are not served by cut-and-paste lawyering.

As counsel surely recognizes, no part of the Petition or TRO Application can be ruled upon—or even responded to—prior to amendment.  Across those two submissions, the non-

existent "ankle monitor" is mentioned nearly forty times.  Merely "strik[ing]" those references, [ECF No. 3], or "withdraw[ing] the Petitioners' declaration," *id.*, will not suffice.

Accordingly, the Petition and TRO Application are denied without prejudice to re-filing after amendment.  Should Petitioners wish to file amended papers, the Government's response thereto shall be due within one week.  The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York of this Order.

**SO ORDERED.**

**Date:  April 1, 2026**
     **New York, NY**
                                        **MARY KAY VYSKOCIL**
                                        **United States District Judge**